■ In the Matter of the Claim of PAUL MALNIC, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. — This is an appeal by claimant from a decision of the Unemployment Insurance Appeal Board dated November 13, 1962 granting his application for a review and reconsideration of its decision dated July 6, 1962 disqualifying claimant from receiving benefits upon the ground that he had voluntarily left his employment without good cause

upon which review the board took additional proof and thereafter adhered to the earlier decision. Claimant was employed as a sales correspondent at a weekly salary of $90 in the international division of a large manufacturing corporation from May 17, 1961 to February 25, 1962. His duties included the handling of the correspondence of the division's distributors located in many parts of the world, the distribution and allocation of advertising material overseas, French and Spanish translations, statistical work, the investigation of product complaints and the conduct of marketing research. In the absence of his superiors he at times acted in a supervisory capacity. His employment in this division was terminated when the position which he occupied was eliminated from the company's budget. Largely at the instance of his former supervisors he was rehired by the domestic division of the same corporation as a sales order clerk at the same salary. His work in this position primarily involved the taking of telephonic orders from dealers, consumers and customers of the employer. There is testimony by his superior that it was intended to add to these duties those of a sales correspondent when claimant had mastered the domestic business of the company. By the acceptance of this employment he waived the right to the sum of $121 to which he was entitled upon the severance of his connection with the international division of the company. Claimant had worked but three days when he peremptorily left the employ. In explanation of his abrupt departure he ascribed personal humiliation and shame arising from what he considered to be a demoted status and a failure on the part of the employer to utilize fully his talents and skills. That claimant voluntarily left his employment is not disputed. The Referee and the Appeal Board have found that he did so without good cause upon the predicate that no circumstances had developed in the course of the employment which would have justified claimant in refusing it in the first instance. (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 1, par. [a]; *Matter of Sellers [J. W. Mays, Inc.]*, 13 A D 2d 204, 206.) The record amply supports the board's decision. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.